# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:16-cv-01425-VBF-KES                                      Date:  March 8, 2019

Title:  ERIC JEFFREY BLOSS v. SHERIFF DEPUTY BEN-SAHILLE, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE Why Case Should Not Be Dismissed for Failure to Prosecute**

Recent orders issued by this Court (Dkts. 107, 109) have been returned as undeliverable to pro se Plaintiff Eric Bloss ("Plaintiff").  Per the Los Angeles County Sheriff's Department's Inmate Information Center, Plaintiff was released from custody on February 15, 2019.  See https://app5.lasd.org/iic/ajis_search.cfm.  Plaintiff has not notified the Court of his release or of his current address, as he was previously instructed to do; the Court has also instructed Plaintiff on how to register to electronically receive Court orders upon his release.  (See, e.g., Dkt. 101.)

Local Rule 41-6 provides: "A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."  L.R. 41-6.  Plaintiff has failed to comply with Local Rule 41-6.

The Court therefore orders Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with Local Rule 41-6.  To discharge this Order to Show Cause, Plaintiff shall notify the Court **on or before March 21, 2019**, of his current address and intent to prosecute this lawsuit.  **If Plaintiff does not do so, then the Court may recommend that this action be dismissed for failure to prosecute.**

      Additionally, the Court has received a letter from Plaintiff, dated February 14, 2019 (the day before his release), seeking to add a new defendant to this action. (Dkt. 110.) The Court need not address the letter now. If Plaintiff discharges this Order to Show Cause, then the Court will set a deadline for Plaintiff to submit a motion to file a Sixsth Amended Complaint adding this new defendant.[1]

      Initials of Deputy Clerk JD

---

[1] To determine whether leave to amend should be granted, courts consider the following factors: (1) undue delay by the party seeking to amend, (2) bad faith by the party seeking to amend, (3) prejudice to the party opposing the amendment, and (4) whether the amendment would be futile because, for example, the amended claims would be insufficient as a matter of law. See Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). Plaintiff may address all prongs of this analysis but should focus on futility. Based on the letter, it seems granting leave to amend would be futile because it appears Plaintiff cannot state a claim against this new proposed defendant.