UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BLOSS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERIFF DEPUTY BEN-SAHILLE, et al.,<br><br>        Defendants. | Case No. 2:16-cv-01425-VBF-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

**I.**

**BACKGROUND.**

**A. Procedural History.**

    Plaintiff Eric Jeffrey Bloss ("Plaintiff") filed a 1-page letter that the Court docketed on March 1, 2016 and construed as a civil rights Complaint pursuant to 42 U.S.C.§ 1983. (Dkt. 1.) At the time, Plaintiff was a pre-trial detainee. (See Dkt. 76.) Plaintiff's Complaint alleged various prison abuses that occurred while Plaintiff was incarcerated at Los Angeles County Jail awaiting trial. (Dkt. 1.) On March 17, 2016, the Court screened Plaintiff's initial Complaint pursuant to the

Prison Litigation Reform Act ("PLRA") and dismissed the Complaint with leave to amend. (Dkt. 5.)

Plaintiff subsequently filed a First Amended Complaint, docketed on April 6, 2016, (Dkt. 7), which the Court dismissed with leave to amend. (Dkt. 8.) Plaintiff then filed a Second Amended Complaint, docketed on May 31, 2016 (Dkt. 11), which the Court also dismissed with leave to amend. (Dkt. 12.)

On July 7, 2016, Plaintiff constructively filed a Third Amended Complaint against Los Angeles Sheriff's Department ("LASD") Deputies Ben-Sahille, Muro, Cortez, Barrios, Muse, and Zambrano in their individual capacities. (Dkt. 13 at 3-4.) Finding that Plaintiff's allegations "at least arguably are sufficient to state constitutional violations under the First, Eighth, and Fourteenth Amendments" (Dkt. 15 at 1), the Court issued an order directing service by the U.S. Marshals. (Dkt. 16.) Plaintiff voluntarily dismissed Deputy Cortez after the U.S. Marshals were unable to effectuate service. (Dkt. 34.)

On February 23, 2017, Defendants Ben-Sahille, Barrios, Muro, Muse, and Zambrano (together, "Defendants") filed a motion for judgment on the pleadings, or in the alternative, a motion for a more definite statement (Dkt. 43), to which Plaintiff responded by filing a Fourth Amended Complaint against the Defendants. (Dkt. 56.) On April 27, 2017, the Defendants moved to dismiss the Fourth Amended Complaint (Dkt. 58), and on September 11, 2017, the Court issued a Report and Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted in part and denied in part. (Dkt. 79.) In light of Plaintiff's objections to the R&R (Dkt. 81), however, the Court vacated the R&R and granted Plaintiff leave to file a Fifth Amended Complaint on or before November 3, 2017. (Dkt. 82.) Plaintiff did not respond.

Due to Plaintiff's failure to respond, on January 3, 2018, the Court issued an Amended R&R, identical in its legal conclusions to the earlier September 2017 R&R and recommending that Defendants' motion to dismiss (Dkt. 58) be granted

in part and denied in part. (Dkt. 86.) On March 23, 2018, the District Judge adopted the R&R, ordering Plaintiff to file a Fifth Amended Complaint on or before May 1, 2018. (Dkt. 88.)

Plaintiff constructively filed his Fifth Amended Complaint on July 11, 2018 (Dkt. 91), which the Defendants moved to dismiss on August 22, 2018. (Dkt. 92.) The Court denied the motion to dismiss without prejudice (Dkt. 97), and on November 8, 2018, the Defendants again moved to dismiss the Fifth Amended Complaint. (Dkt. 98.) On February 21, 2019, the Court granted the motion in part, with leave to amend on or before March 22, 2019. (Dkt. 107.) The Court instructed: "If the Court does not receive an amended pleading or notice of voluntary dismissal by March 22, 2019, then the Court may dismiss for failure to prosecute." (Id. at 21.)

On March 4, 2019, orders issued by the Court (Dkts. 107 and 109) were returned as undeliverable. (Dkts. 112, 113.) Per the LASD Inmate Information Center, Plaintiff was released from custody on February 15, 2019. Because Plaintiff did not notify the Court of his release or of his current address, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with Local Rule 41-6, which requires Plaintiff to keep the Court and opposing parties apprised of his current address. (Dkt. 111.) The Court instructed: "To discharge this Order to Show Cause, Plaintiff shall notify the Court on or before March 21, 2019, of his current address and intent to prosecute this lawsuit. If Plaintiff does not do so, then the Court may recommend that this action be dismissed for failure to prosecute." (Id. at 1.) The Order was returned as undeliverable (Dkt. 114), and Plaintiff did not respond.

**B. Instructions Regarding Anticipated Release.**

On November 9, 2018, the Court docketed a letter from Plaintiff explaining that he anticipates his impending release from custody and requests that the Court send filings to his E-mail, or, alternatively, an address Plaintiff may be able to

access on occasion. (Dkt. 100.) The Court instructed as follows: "Plaintiff is directed to notify the Court upon his release from custody. At that time, Plaintiff may receive electronically all documents filed in this action. Upon his release, Plaintiff should complete the form attached to this order and E-mail the form to the Court, as the form instructs. Thereafter, Plaintiff will receive all documents filed in this action via E-mail. Plaintiff, however, is not granted permission to file his documents electronically and must continue to submit his filings by U.S. mail. Because he will not receive service by regular mail, Plaintiff will be required to check his E-mails regularly." (Dkt. 101.) The Court provided Plaintiff with Form G-80, which allows pro se litigants to register for electronic service. (Id. at 3.)

On December 10, 2018, the Court docketed a letter in which Plaintiff expressed concerns regarding his ability to litigate this action after his release from custody. (Dkt. 102.) The Court instructed Plaintiff on how to make an appointment to visit a clinic for self-represented litigants, staffed by volunteer lawyers, at several federal courthouses. (Dkt. 103 at 2.) The Court reiterated that it previously authorized Plaintiff to receive the documents filed in this action by E-mail, rather than U.S. mail, and that this authorization is contingent on Plaintiff regularly checking his E-mail using a friend's computer or a public library. (Id.) The Court provided the web address to access the form, and the E-mail address to which he should send the form. (Id.) The Court reiterated: "Plaintiff shall notify the Court by mail upon his release from custody …." (Id.)

On February 19, 2019, the Court received from Plaintiff a letter dated February 1, 2019, requesting to update his E-mail address for electronically receiving documents.[1] (Dkt. 108.) The Court reiterated its instructions from prior

---

[1] In Plaintiff's other action pending before this Court, he had prematurely submitted a completed G-80 form. (2:17-cv-05362, Dkt. 27.) The Court instructed: "In Plaintiff's other civil action, the Court already granted Plaintiff's request to receive electronically all documents filed in both of his actions upon his release from custody. (2:16-cv-01425, Dkt. 101.) Upon release, Plaintiff is not granted

4

orders and again provided the web address for accessing the form. (Dkt. 109.) The Court instructed: "Plaintiff shall notify the Court by mail upon his release from custody …. Upon his release, Plaintiff may register to electronically receive (but not file) documents with the correct E-mail address. At this time, the Court cannot correct Plaintiff's E-mail address because he is in custody and is not registered for e-filing." (Id. at 1-2.)

## II.
## DISCUSSION.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1. Local Rule 41-6 provides:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

L.R. 41-6. In this case, Plaintiff's deadlines have expired (to file an amended

---

permission to electronically file documents—only to electronically receive documents. Because he is still in custody, Plaintiff submitted the 'Request for CM/ECF Login and Password' form prematurely." (Id., Dkt. 28.)

5

complaint and to discharge the Order to Show Cause), Plaintiff has failed to notify the Court of his release from custody on February 15, 2019 (although he has been repeatedly ordered to do so), and mail directed to Plaintiff was returned as undeliverable on March 4, 2019, in violation of Local Rule 41-6.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Plaintiff's action based on failure to prosecute this case. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. Plaintiff's "noncompliance has caused the action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted). Plaintiff has neglected his obligation to keep the Court apprised of his address and has made no effort to prosecute either of his actions pending before this Court since his release from custody—despite explicit instructions to notify the Court upon his release and to prosecute this action through electronic receipt of documents. Plaintiff's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. It is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan

Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

The third factor—prejudice to Defendant—supports dismissal. Defendants have been litigating this action for over two years, yet Plaintiff's failure to prosecute is impeding any efficient adjudication of this action. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal. As explained above, the Court instructed Plaintiff multiple times that he must notify the Court, via U.S. mail, upon his release from custody. The Court also authorized electronic receipt of documents and instructed Plaintiff multiple times on how to register. Nevertheless, Plaintiff has failed to notify the Court of his release or make any other efforts to prosecute this action or his other action pending before this Court. Plaintiff has effectively abandoned his actions. Under these circumstances, the Court is unable to impose a lesser effective sanction.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

Because four of five enumerated factors support dismissal, this action is dismissed pursuant to Rule 41(b), Local Rule 41-1, and Local Rule 41-6. Local Rule 41-2 provides, "[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice." L.R. 41-2; see also Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here). In general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P.

41(b); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996).  Considering all of the circumstances, this action shall be dismissed in its entirety without prejudice.

### III.
### CONCLUSION.

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE.

Dated:  March 29, 2019

*Valerie Baker Fairbank*
_____

VALERIE BAKER FAIRBANK
Senior United States District Judge